*G. C. Lockhart*, for appellant. *Irvine Taylor*, for appellee.

---

BARNETT PORTER *v.* MARY SLOAS, ET AL.

**Trespass—Possession of Land.**

> When neither party to a suit for trespass can show that the land in question has been patented, and that he has a regular derivation of title from the patentee, the right to maintain a suit for trespass depends upon who first took actual possession of the land and continued to hold the same.

APPEAL FROM CARTER CIRCUIT COURT.

November 26, 1877.

OPINION BY JUDGE ELLIOTT:

This action of trespass to what appellees claim as a tract of land belonging to them was brought in the court below, and appellant

has brought the case here and insists on a reversal because the court erroneously rules the law against him, and in consequence verdict and judgment were rendered against him.

Neither party shows that the land has been patented, and that he has a regular derivation of title from the patentee. Indeed it may be said that neither party shows any paper title, and the real contest is as to which of the contending parties entered on the land first and took actual possession thereof, which has been continued down to the commission of the trespasses complained of.

At the instance of the appellees the court instructed the jury, in substance, that if they believed from the evidence that appellees or those under whom they claim entered upon the land claiming the same to a well-defined, marked or natural boundary, and remained in possession claiming the land as their own for fifteen years, and that appellant entered thereon and cut and destroyed timber, etc., the jury should find for appellees.

This instruction should have been qualified by instructing the jury that they should further believe that, at the time of Sloas's entry and taking actual possession, the possession of the land was vacant and was not then held by the appellant. The court attempted to remedy this defect in its first instruction by giving instruction number two. By this instruction the jury are told that "If they should believe from the evidence that defendant, Porter, and those under whom he claims, have had, for fifteen years or more before suit brought, possession of the land in contest continuously by improvements or cultivation within a marked or defined boundary, claiming to said boundary, and that possession was taken before the entry of Sloas or before he had marked a boundary, and the alleged trespasses were in said boundary, then the law is for the appellant, etc.

The defect in this instruction is that it makes appellant a trespasser if he entered upon the land in dispute after the ancestor of the appellees had marked off a boundary, and it makes appellant's successful defense of this action depend upon whether he entered on the land before the ancestor of appellants had made a marked boundary.

We regard it as immaterial whether the ancestor of appellees marked off a boundary embracing the land in dispute or not before the entry of appellant or those under whom he claims. The court should have told the jury that if they believed from the evidence that the appellant and those under whom he claimed entered upon the land and took actual possession thereof, claiming to a well-defined

boundary, and that such possession was taken before the entry of appellees or those under whom they claimed, and had been continued down to the commission of the trespasses, the verdict should be for appellant.

The rights of the parties do not depend upon who marked the first boundary, but rather upon who took the first possession and continued therein down to the commission of the trespasses complained of.

The record of the suit of appellees' ancestor against N. Dawson's heirs was read to the jury against appellant's objection. That record the appellees were authorized to read to the jury to show the extent of the boundary claimed by them.

Whereupon the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*E. F. Dulin, for appellant.*